**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BETH ARVILLA, PATRICK RYAN,
CHRISTINE THOM, THOMAS BROOKS,
THOMAS LEE SOUZA, on behalf of
themselves and all others similarly
situated,

      Plaintiffs,

v.                                                                          CASE NO.: 18-3129

THE FRESH MARKET, INC., a foreign
profit corporation,

      Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiffs, BETH ARVILLA, PATRICK RYAN, CHRISTINE THOM, THOMAS BROOKS, and THOMAS LEE SOUZA, ("Plaintiffs"), on behalf of themselves and others similarly situated, hereby sue the Defendant, THE FRESH MARKET, INC. ("Defendant"), and allege as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This is a collective action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue lies within the Middle District of Florida because a substantial part of the events giving rise to this claim arose in this Judicial District.

3. At all times material, Plaintiffs are and were residents of the State of Florida.

4. This Court has personal jurisdiction over Defendant because it

systematically and continuously engages in substantial interstate commercial conduct and business activity within Florida, operates facilities in Florida, including in this Division, and because the case arises out of Defendant's unlawful conduct within this District.

## GENERAL ALLEGATIONS

5. Defendant, a grocery retailer with 160 locations in 22 states, is an employer as defined by the FLSA.

6. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) with more than $500,000 of gross annual revenues.

7. Plaintiffs were engaged in interstate commerce during their employment with Defendant.

8. Plaintiffs and others similarly situated were employees of Defendant under the FLSA.

9. Plaintiffs were employed by Defendant during the relevant time period as hourly employees in Florida and were subject to the same unlawful pay practices.

10. Plaintiff Arvilla was employed by Defendant in Florida as an hourly deli manager.

11. Plaintiff Ryan was employed by Defendant in Florida as an hourly meat cutter.

12. Plaintiff Thom was employed by Defendant in Florida as an hourly baker.

13. Plaintiff Brooks was employed by Defendant in Florida as an hourly meat manager/cutter.

14. Plaintiff Souza was employed by Defendant in Florida as an hourly produce

manager.

15. Plaintiffs and others similarly situated were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA because of the unlawful pay practices set forth herein, including but not limited to: all hours worked are/were not properly paid; time punches are/were being manipulated by upper management so as not to show any overtime; and lunch breaks are/were being entered as unpaid time even when Plaintiffs and others similarly situated worked through their lunch breaks.

16. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiffs and all others similarly situated who are or were employed by Defendant as hourly workers who were not paid overtime compensation as required by the FLSA as a result of the aforestated unlawful pay practices.

17. The additional persons who may become plaintiffs in this action are hourly employees of Defendant who were not paid overtime compensation as required by the FLSA as a result of the aforestated unlawful pay practices.

18. Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA

19. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 to 18 as if fully restated herein.

20. During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiffs and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

21. Defendant's failure to pay Plaintiffs and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

22. Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiffs and all other similarly situated.

**WHEREFORE**, Plaintiffs respectfully request, on behalf of themselves and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 31st day of December, 2018.

> Respectfully submitted,
> **WHITTEL & MELTON, LLC**
> */s/ Jay P. Lechner*
> Jay P. Lechner, Esq.
> Florida Bar No.: 0504351
> William J. Sheslow, Esq.
> Florida Bar No.: 924042
> 11020 Northcliffe Boulevard
> Spring Hill, Florida 34608
> Telephone: (352)683-2016
> Facsimile: (352) 600-7533
> lechnerj@theFLlawfirm.com
> will@theFLlawfirm.com
> nichole@theFLlawfirm.com
> *Attorneys for Plaintiff*