UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETH ARVILLA, PATRICK RYAN,
CHRISTINE THOM, THOMAS BROOKS,
THOMAS LEE SOUZA, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.                                  Case No. 8:18-cv-3129-T-33AAS

THE FRESH MARKET, INC., a foreign
profit corporation,

        Defendant.
_____/

## ORDER

Defendant The Fresh Market, Inc. (Fresh Market) seeks leave to conduct narrow discovery to respond to Plaintiffs' motion for conditional certification and notice to employees of their opt-in rights (Doc.19).[1] (Doc. 29). Plaintiffs oppose the motion. (Doc. 31).

Plaintiffs filed their collective class action complaint against Fresh Market, alleging under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (FLSA). (Doc. 10). The court issued an FLSA Scheduling Order, staying all discovery aside from that outlined in the order. (Doc. 14). Plaintiffs moved for conditional certification and notice (Doc. 19), and Fresh Market's response is due on April 8, 2019 (Doc. 48).

---

[1] Fresh Market also requested and received an extension of time to respond to Plaintiffs' motion. (Doc. 30).

1

The Eleventh Circuit suggests district courts adopt a two-tiered approach to certification of a § 216(b) opt-in class:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—*usually based only on the pleadings and any affidavits which have been submitted*—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

*Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (citation omitted) (emphasis added). At the first step, or notice stage, the court makes a preliminary determination of whether individuals are similarly situated by examining the pleadings and affidavits. *Id.* If a collective action is conditionally certified, the defendant may then move to de-certify the collective action based on evidence gained through discovery. *Id.*

The court has broad discretion to deny or stay discovery prior to conditional class certification. *See Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003) (denying motion to conduct limited discovery for conditional class certification). Fresh Market requests leave to depose the plaintiffs and opt-ins to

"level the playing field."

When a party seeks discovery absent a conditionally certified collective action, that discovery request is often denied. *See Stephens v. Erosion Containment Mgmt., Inc.*, No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095 (M.D. Fla. May 21, 2008) (holding a request for information in preparation of notifying potential class members was premature because no class was conditional certified); *see also Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (stating that discovery requests directed towards potentially similarly situated employees is premature when "no collective action has been conditionally certified"). Discovery sought to identify putative class members is not relevant until the court has conditionally certified a collective action. *See Levine v. Gunther Motor Co. of Plantation, Inc.*, No. 10-618121-CIV, 2010 WL 5140590, at *2-3 (S.D. Fla. Dec. 9, 2010); *see also Anderson v. Perdue Farms, Inc.*, No. 106-CV-01000-MEF-WC, 2007 WL 4554002, at *2 (M.D. Ala. Dec. 20, 2007) (quashing the defendants' subpoena for depositions requested to support their response to the plaintiffs' motion for notice and conditional class certification). Because no collective action has been conditionally certified, the requested discovery is premature.

Fresh Market cites *Rolle v. TPUSA, Inc.*, No. 17-14168-CIV-MIDDLEBROOKS, 2017 WL 3197988 (S.D. Fla. July 18, 2017), to support its request to conduct narrow discovery. However, *Rolle* relied on certain circumstances not present here, including the fast-approaching discovery deadline and the lack of a discovery stay. *Id.* at *1. Here, the discovery period has not begun, and a stay of

discovery is in place (Doc. 14).

Considering the foregoing, Fresh Market's Motion for Leave to Conduct Narrow Discovery (Doc. 29) is **DENIED**.

**ORDERED** in Tampa, Florida on March 27, 2019.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4