**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BETH ARVILLA, PATRICK RYAN,
CHRISTINE THOM, THOMAS BROOKS, and
THOMAS LEE SOUZA,

         Plaintiffs,                       CASE NO.: 8:18-cv-3129-T-33-AAS

v.

THE FRESH MARKET, INC., a foreign
profit corporation,

         Defendant.

_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS ACTION**
**WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

      Plaintiffs, BETH ARVILLA, PATRICK RYAN, CHRISTINE THOM, THOMAS BROOKS, THOMAS LEE SOUZA, and opt-in Plaintiffs WENDELL GORDON, DONALD HAMMONS and MICHAEL GRIPPO (collectively, "Plaintiffs") and Defendant, THE FRESH MARKET, ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, jointly move the Court to approve the Fair Labor Standards Act ("FLSA") settlement reached by the Parties, and dismiss this case with prejudice. As grounds, the Parties jointly state:

      1.     Plaintiffs' Amended Complaint alleged unpaid overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA") (Dkt. 10).

      2.     On February 18, 2019, Defendant filed its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (Dkt. 23).

      3.     Defendant denies Plaintiffs' allegations of unpaid overtime and denies any

liability to Plaintiffs under the FLSA. Defendant contends that it fully complied with the FLSA.

4.    To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a settlement of this matter.

5.    Under the settlement, Plaintiffs will receive a total payment in the gross amount of $70,000.00, less applicable federal income tax withholdings and other deductions required by law. Each Plaintiff will receive a payment in the gross amount of $8,750.00, which is designated as payment for alleged and disputed unpaid overtime amounts, and will be subject to applicable federal income tax withholdings and other deductions required by law. Although the Plaintiffs set forth differing amounts of damages in their answers to Court Interrogatories, all Plaintiffs mutually agreed, after participating in a full day mediation with Mark Hanley, Esq. who is well known to the parties' counsel as a highly skilled and experienced mediator and who has extensive experience mediating wage and hour matters, and after reviewing the evidence, and after engaging in further settlement negotiations, that a payment of $8,750.00 per Plaintiff is the most equitable method of distribution of the settlement fund in light of the difficulty in calculating individualized alleged damages. The overtime payment to Plaintiffs equates to more than half the value of Plaintiffs' alleged and disputed unpaid overtime claim, which Defendant still disputes. Defendant demonstrated good faith compliance with the FLSA and has evidence to support a good faith defense, but instead decided to resolve this dispute and as part of the settlement agreement. Thus, Plaintiffs agree to not seek liquidated damages. Plaintiffs' attorneys will receive $43,000.00 for payment of attorneys' fees and litigation costs, which was negotiated separate and apart from Plaintiffs' compensation in this case after the

Parties had reached an agreement in principle.[1]

6.    The Parties seek approval of this joint motion and dismissal with prejudice.  The parties certify that this matter was fully resolved pursuant to a reasonable compromise between the parties of a *bona fide* dispute over FLSA provisions, which was negotiated at "arms' length" and with the advice of counsel.  The Plaintiffs' attorneys' fees were negotiated separately from the wage issues in the settlement.

## MEMORANDUM OF LAW

### I.    BACKGROUND

All but two of the Plaintiffs, Beth Arvilla and Wendell Gordon, are currently employed by Defendant. During the time at issue in this lawsuit, January 2016 to January 2019, Plaintiffs allege they performed work in excess of forty (40) hours a workweek for which they were not paid overtime compensation.  Defendant denies that Plaintiffs performed such work and contends that it paid Plaintiffs for all hours worked.  Records were kept of the hours worked by Plaintiffs.

### II.    LEGAL FRAMEWORK

There are two ways in which claims under the FLSA can be settled and released by employees.  First, §216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section §216(b) of the FLSA, an employee may settle and

---

[1] A copy of the FLSA Settlement Agreement approved by the Parties is attached hereto as Exhibit "A."

release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1)    the existence of fraud or collusion behind the settlement;
> (2)    the complexity, expense, and likely duration of the litigation;
> (3)    the stage of the proceeding and the amount of discovery completed;
> (4)    the probability of plaintiffs' success on the merits;
> (5)    the range of possible recovery; and
> (6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-

3, (M.D. Fla. Jan. 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

## III.    ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLEMENT

As discussed above, Plaintiffs acknowledge that the settlement amount represents a compromise to resolve his FLSA claims for alleged unpaid overtime, and for reasonable attorneys' fees and costs.  Accordingly, the settlement is fair.

The settlement involves no fraud or collusion.  The proposed settlement arises from an action brought by Plaintiffs against their employer, which was adversarial in nature.  Courts have found no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiffs seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006).  Here, each Party was independently represented by experienced counsel and the settlement was negotiated between counsel in consultation with the Parties, following court-ordered mediation.  Plaintiffs agree they are being fairly compensated for strongly disputed claims.  The undersigned counsel represent to the Court that there was no fraud or collusion and that all parties are in agreement.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement.  This settlement, therefore, is a reasonable means for all parties to minimize future risks and litigation costs, and judicial resources.

The Parties agree that they have been able to properly evaluate the claims and Plaintiffs have at all times been represented by counsel.  In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them

to make an educated and informed analysis of the claims.

Counsel for Plaintiffs and for Defendant believe the settlement to be fair and reasonable.

## IV.    THE PROPOSED ATTORNEYS' FEES AND COSTS ARE REASONABLE

As part of the Parties' settlement, Plaintiffs' attorneys' fees and costs were at all times negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and are not a function of any percentage of recovery.  As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiffs' attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiffs, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiffs' recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiffs' counsel."  *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

In the instant action, Defendant's payment of $43,000.00 for Plaintiffs' attorney's fees and costs provides for the resolution of all attorneys' fees and costs owed to Plaintiffs' counsel. The Parties agreed on the additional amount of fees and costs to be paid to Plaintiffs' counsel after agreeing on the amounts to be paid to Plaintiffs.  Based upon the foregoing, the payment to Plaintiffs' Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise of same.

Further, Plaintiffs' counsel attaches his Declaration and attorney time records as Exhibit A, which is hereby incorporated by reference.  As demonstrated by Exhibit A, the

payment to Plaintiffs' Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise of same because the amount attributed in the Settlement Agreement to fees is below the lodestar amount and is less than if the Plaintiffs' counsel had been paid on a contingency per the contractually agreed upon contingency percentage of 40 percent.

## V.    CONCLUSION

The settlement terms are fair, reasonable and adequate.    Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice.

Dated:  April 26, 2019.

Respectfully submitted,                                    Respectfully submitted,

/s/ Jay Lechner                                           /s/ Kevin D. Zwetsch
Jay P. Lechner                                            Kevin D. Zwetsch
Florida Bar No.: 0504351                                  Florida Bar No.: 0962260
lechnerj@theFLlawfirm.com                                 kevin.zwetsch@ogletree.com
William J. Sheslow                                        Ina F. Young
Florida Bar No. 924042                                    Florida Bar No.: 117663
will@theFLlawfirm.com                                     Ina.young@ogletree.com
WHITTEL & MELTON, LLC                                     OGLETREE, DEAKINS, NASH,
11020 Northcliffe Boulevard                                  SMOAK & STEWART, P.C.
Spring Hill, FL  34608                                    100 North Tampa Street, Suite 3600
Telephone: 352-683-2016                                   Tampa, FL 33602
Facsimile:  352-600-7533                                  Telephone:  813-221-7249
                                                          Facsimile:   813-289-6530
Counsel for Plaintiffs                                    Counsel for Defendant
                                                          The Fresh Market, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Kevin D. Zwetsch*

Attorney

38221921.4

8

## DECLARATION OF PLAINTIFFS' COUNSEL

I, Jay P. Lechner, pursuant to 28 U.S.C. §1746, declare as follows:

1.      I submit this declaration in support of the Joint Motion for Settlement Agreement Approval (Doc. 20)

2.      I am an attorney duly admitted to practice law in the state of Florida and I am a member of this Court.  I am a partner of the law firm Whittel & Melton LLC.  I am a Florida Bar board certified labor and employment lawyer with more than seventeen (17) years experience representing both employees and employers in all aspects of employment law matters, including but not limited to: Fair Labor Standards Act (overtime and minimum wage), discrimination, whistleblower, harassment, constitutional claims, false claims act/qui tam litigation, including class and collective actions in federal courts.  I am admitted to practice in Florida's Middle, Southern and Northern Districts, as well as the Eleventh Circuit Court of Appeals and all Florida state courts. I received my B.A. from the University of Florida and my J.D. with honors from the University of Florida's Levin College of Law.

3.      William J. Sheslow, Esq. has been duly admitted to practice law in the state of Florida for eight (8) years and is an attorney of the law firm Whittel & Melton LLC.  Mr. Sheslow's practice includes all areas labor and employment matters, including but not limited to: Fair Labor Standards Act (overtime and minimum wage), discrimination, whistleblower, harassment and constitutional claims, as well as white-collar criminal defense and personal injury.  Mr. Sheslow is an experienced trial attorney who has tried dozens of jury trials.  He is admitted to practice in Florida's Middle and Southern Districts and all Florida state courts. Mr. Sheslow received his B.A. from University of California – Berkeley with Highest Honors

and Highest Distinction, and his J.D. from University of California – Davis.

4.      Mr. Sheslow and I are Counsel of record for Plaintiffs in this case. The facts stated herein are true of my own personal knowledge and if called to testify to such facts, I could and would do so competently.

5.      As detailed below, investigating, litigating, and negotiating a resolution of this matter required substantial commitments of time and resources. Throughout the litigation, all reasonable efforts were made to avoid duplication of efforts and to ensure the most efficient management and prosecution of this matter reasonably possible.

6.      Before and after filing the Complaint and even during settlement negotiations, we conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of Plaintiffs' claims and potential claims and to determine how best to serve the interests of Plaintiff.

7.      Meanwhile, the parties engaged in extensive communications and met to discuss settlement and a case management plan. Early in the case, the parties began engaging in ongoing informal discussions regarding potential resolution of the matter. In furtherance of settlement discussions, the parties took a number of steps. The parties engaged in informal discovery and served their Answers to Court Interrogatories. Defendant has produced, and Plaintiffs' counsel has reviewed, relevant documents concerning the hours worked and potential exemptions that may have applied.

8.      To facilitate settlement negotiations, the parties agreed to the appointment of Mark Hanley, Esq. as a mediator. Mr. Hanley is well known to the parties' counsel as a highly skilled and experienced mediator who has extensive experience mediating wage and hour

matters. On March 25, 2019, the parties participated in a mediation session with Mr. Hanley, during which the parties set forth respective positions on the merits of the claims and the potential for a settlement that would involve relief for all Plaintiff.  After a lengthy session the parties were not able to reach an agreement.

9.     Following the full-day mediation, the parties continued to confer with one another on an ongoing basis to reach agreement and further discussions to agree on the terms of a written settlement agreement.  The Settlement Agreement was reached after considering such factors as: (1) the benefits to Plaintiffs under the terms of this Settlement Agreement; (2) the strength of Plaintiffs' case weighed against the settlement offer; (3) the attendant risks and uncertainty of litigation, especially in complex actions such as this, which involve allegations relating to privacy; (4) the attendant risks and uncertainty of establishing liability and/or damages; (5) Defendant's vigorous defense of the litigation and continued denial of the claims; and (6) the desirability of consummating this Settlement Agreement promptly, to safeguard the interests of Plaintiffs.  Plaintiffs agreed to the terms of the Settlement Agreement.

10.     The Plaintiffs' compensation in this case was negotiated separate and apart from the amount of attorneys' fees and costs Plaintiffs' counsel will receive.  The Parties did not discuss attorneys' fees or costs until after they had reached an agreement in principle, subject to preparation and execution of a written settlement agreement, on the substantive elements of the Settlement.

11.     Plaintiffs' counsel believes this is a fair, adequate and reasonable settlement, which the Court should readily approve.

12.     A compilation of professional time incurred by Plaintiff' counsel in this

litigation as well as a breakdown of the services rendered are detailed in Appendix A. If billed on an hourly basis, Plaintiffs' attorneys' fees would have been $46,950.00. The amount of attorneys' fees and costs actually being recovered in the settlement agreements is $43,000.00, which is less than the fees entitlement utilizing a lodestar method of calculation.

13.     In addition, Plaintiff' counsel has incurred at least $484.54 in costs in this case, which is reimbursed from the aforestated sum.

14.     Federal courts at all levels encourage litigants to resolve fee issues by agreement whenever possible. As the United States Supreme Court explained, "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 720 (5th Cir. 1974) ("In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees.").

15.     The virtue of a fee negotiated by parties at arm's length is that it is, essentially, a market-based price resulting from opposing interests. Defendants have an interest in minimizing the fee; Plaintiff have an interest in maximizing it; and the negotiations are informed by the parties' knowledge of the work done and result achieved and their views on what the court may award if the matter were litigated. In *In re Continental. Sec. Litig*., 962 F.2d 566 (7th Cir. 1992), Judge Posner of the Seventh Circuit endorsed a market-based approach to evaluating fee requests; according to Judge Posner: "'it is not the function of judges in litigation to determine the equivalent of the medieval just price." *Id*. at 568. "It is to determine what the lawyer would receive if he were selling his services in the market rather

than being paid by court order." *Id*.  "'Markets know market values better than judges do.'" *Id*. at 570.  The object in awarding a reasonable attorney's fee is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation, had one been feasible." *Id*. at 572.

16.    Plaintiffs' counsel's hourly rate is reasonable.   Judge Roy B. Dalton, Jr., of the Middle District of Florida, Ocala Division, approved the undersigned's hourly rate of $500 as reasonable in an employment-related claim.  *See Whitehead, et al. v. Advance Stores Co. Inc*., No. 5:16-cv-250 (M.D. Fla. May 24, 2017).  *Cf. Lumpuy v. Scottsdale Ins. Co*., 2015 WL 1708875, at *2 (M.D. Fla. Apr. 15, 2015) ("the Court concludes that [attorney's] requested rate of $500 per hour is reasonable"); *Golf Clubs Away, LLC v. Hostway Corp*., 2012 WL 2912709, at *4 (S.D. Fla. July 16, 2012) (finding $500 per hour rate for partners is reasonable).

17.    Further, the Eleventh Circuit has instructed that what an attorney charges his clients is "powerful, and perhaps the best, evidence of his market rate."  *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000).  The Plaintiffs' agreements establish $500 per hour as the rate for Whittel and Melton partners for any such claim for attorneys' fees. This is additional strong evidence of the undersigned's market rate.

18.    Furthermore, another source of reference is the widely-used "Laffey Matrix," one version of which is found here: http://laffeymatrix.com.  *See Garnes v. Barnhardt*, 2006 U.S. Dist. LEXIS 5938 (N.D Cal. 2006) ("It is the practice of the undersigned judge, however, to rely on official data to determine appropriate hourly rates, not on an attorney's self-proclaimed rates or declarations regarding hourly rates charged by law firms. One reliable official source for rates that vary by experience levels is the Laffey matrix used in the District

of Columbia.").

19.    In *Renninger v. Phillips & Cohen Assocs., Ltd*., 2010 WL 3259417, at \*2 (M.D. Fla. Aug. 18, 2010), this Court applied a combination of the Laffey Matrix (*see* Table 1, below) and the prevailing average rate charged by Florida consumer lawyers to determine the appropriate hourly rate.  The Laffey Matrix shows rates as follows:

| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |

Figure 1 – Laffey Matrix

20.    The undersigned's requested rate falls far below the Laffey Matrix $685 hourly rate for attorneys 11 to 19 years out of law school.  Moreover, the prevailing average rate charged by Florida consumer lawyers in Florida with 16-20 years of experience is approximately $522 per hour, determined by taking the Florida average rate listed in the 2013-14 United States Consumer Law Attorney Fee Survey Report by Ronald L. Burdge, Esq. (see Table 2 below) and multiplying it by 7%, which is the percentage increase reflected in the Laffey Matrix from 2013-14 to 2016-17.

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 162 |
| 1 - 3 | 237 |
| 3 - 5 | 313 |
| 6 - 10 | 333 |
| 11 - 15 | 335 |
| 16 - 20 | 488 |
| 21 - 25 | 347 |
| 26 - 30 | 463 |
| >31 | 492 |

Table 2 – 2013-14 prevailing average rate charged by Florida consumer lawyers in Florida

21.     Accordingly, Plaintiffs' counsel's hourly rate is reasonable because: (1) it has already been approved by judges in Florida federal districts; (2) it is consistent with other hourly rates approved in this district; (3) it is the rate set forth in the Plaintiffs' agreements; (4) it is well below the applicable rate recommended in the Laffey Matrix; and (5) it is below the prevailing average rate charged by Florida consumer lawyers in Florida with similar years of experience.

22.     Regardless, the amount attributed in the Settlement Agreement to fees ($43,000.00) is below the amount ($46,950.00) if assessed at the hourly rate of $500.  It also is less than if the Plaintiffs' counsel had been paid on a contingency per the contractually agreed upon contingency percentage of 40 percent.

FURTHER AFFIANT SAYETH NOT.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this 18th day of April, 2019 at Tampa, Florida.

*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.

15

APPENDIX A

Attorney Time Records (Jay P. Lechner & William J. Sheslow)

| Date | Time | Activity | Professional | Hourly Rate | Total |
|------|------|----------|--------------|-------------|-------|
| 11/18/18 | 0.9 | Conduct factual investigation re B. Arvilla claims | Lechner | 500 | 450.00 |
| 11/27/18 | 1.0 | Telephone conference with B. Arvilla re case | Sheslow | 500 | 500.00 |
| 11/27/18 | 0.4 | Conduct factual investigation re T. Souza claims | Lechner | 500 | 200.00 |
| 12/11/18 | 0.4 | Research defendant and division of corporations | Lechner | 500 | 200.00 |
| 12/11/18 | 1.5 | Prepare  complaint with Jury Demand | Lechner | 500 | 750.00 |
| 12/11/18 | 0.3 | Prepare Arvilla Consent to join form | Lechner | 500 | 150.00 |
| 12/11/18 | 0.1 | Prepare Brooks Consent to join form | Lechner | 500 | 50.00 |
| 12/11/18 | 0.1 | Prepare Souza Consent to join form | Lechner | 500 | 50.00 |
| 12/11/18 | 0.1 | Prepare Thom Consent to join form | Lechner | 500 | 50.00 |
| 01/02/19 | 0.2 | Review and revise Civil Cover Sheet | Lechner | 500 | 100.00 |
| 01/02/19 | 0.2 | Review Summons | Lechner | 500 | 100.00 |
| 01/03/19 | 0.2 | Review Notice to counsel of Local Rule 1.05 | Lechner | 500 | 100.00 |
| 01/03/19 | 0.2 | Review Order regarding venue allegations | Lechner | 500 | 100.00 |
| 01/03/19 | 0.1 | Review Related Case Order | Lechner | 500 | 50.00 |
| 01/06/19 | 0.2 | Review Order regarding service of process | Lechner | 500 | 100.00 |
| 01/07/19 | 0.1 | Review Grippo Consent to join form | Lechner | 500 | 50.00 |
| 01/07/19 | 0.6 | Research re all new opt-in plaintiffs and facts for amended complaint | Lechner | 500 | 300.00 |
| 01/09/19 | 0.9 | Prepare amended complaint | Lechner | 500 | 450.00 |
| 01/09/19 | 0.1 | Review and revise notice of appearance | Lechner | 500 | 50.00 |
| 01/17/19 | 0.2 | Review return of service | Lechner | 500 | 100.00 |
| 01/22/19 | 0.3 | Review Scheduling Order and analyze deadlines | Lechner | 500 | 150.00 |
| 01/28/19 | 0.1 | Review notice of appearance filed by K. Zwetsch | Lechner | 500 | 50.00 |
| 01/28/19 | 0.1 | Review notice of appearance filed by I. Young | Lechner | 500 | 50.00 |
| 01/28/19 | 0.3 | Review court interrogatories | Lechner | 500 | 150.00 |
| 01/28/19 | 0.2 | Correspondence from/to K. Zwetsch re case | Lechner | 500 | 100.00 |
| 01/28/19 | 0.2 | Telephone conference with K. Zwetsch | Lechner | 500 | 100.00 |
| 01/28/19 | 0.1 | Correspondence from client T. Brooks | Lechner | 500 | 50.00 |
| 02/01/19 | 0.1 | Review defendant's motion for extension | Lechner | 500 | 50.00 |
| 02/01/19 | 0.1 | Review order granting defendant's motion for extension | Lechner | 500 | 50.00 |
| 02/02/19 | 4.8 | Prepare motion for conditional certification | Lechner | 500 | 2,400.00 |
| 02/02/19 | 0.6 | Prepare Arvilla Declaration | Lechner | 500 | 300.00 |
| 02/02/19 | 1.3 | Prepare Notice to Opt-Ins | Lechner | 500 | 650.00 |

| 02/03/19 | 0.4 | Prepare Brooks Declaration | Lechner | 500 | 200.00 |
|---|---|---|---|---|---|
| 02/03/19 | 0.3 | Prepare Thom Declaration | Lechner | 500 | 150.00 |
| 02/03/19 | 0.5 | Prepare Ryan Declaration | Lechner | 500 | 250.00 |
| 02/03/19 | 0.1 | Prepare Hammons Consent to join form | Lechner | 500 | 100.00 |
| 02/08/19 | 0.3 | Finalize motion for conditional certification and exhibits | Lechner | 500 | 150.00 |
| 02/08/19 | 0.2 | Review correspondence to/from K. Zwetsch re mediation | Lechner | 500 | 100.00 |
| 02/11/19 | 0.1 | Correspondence from M. Hanley's office re conflict check | Lechner | 500 | 50.00 |
| 02/13/19 | 0.2 | Correspondence from/to K. Zwetsch re extension and discovery | Lechner | 500 | 100.00 |
| 02/14/19 | 0.8 | Investigate facts re W. Gordon | Lechner | 500 | 400.00 |
| 02/14/19 | 0.3 | Prepare consent to join for W. Gordon and communicate with client | Lechner | 500 | 150.00 |
| 02/15/19 | 0.2 | Prepare notice of mediation | Lechner | 500 | 100.00 |
| 02/15/19 | 0.1 | Review order re mediation | Lechner | 500 | 50.00 |
| 02/15/19 | 0.3 | Correspondence from/to K. Zwetsch re extension and discovery | Lechner | 500 | 150.00 |
| 02/15/19 | 0.1 | Review correspondence from/to K. Zwetsch re mediation | Lechner | 500 | 50.00 |
| 02/18/19 | 0.3 | Review Answer and affirmative defenses | Lechner | 500 | 150.00 |
| 02/18/19 | 0.2 | Review and revise Notice of pendency of related cases | Lechner | 500 | 100.00 |
| 02/18/19 | 1.3 | Prepare responses to court interrogatories, including attorneys' fees breakdown | Lechner | 500 | 650.00 |
| 2/19/19 | 0.2 | Confer with N. White re production of documents | Lechner | 500 | 100 |
| 2/19/19 | 0.2 | Review Defendant's notice of pendency | Lechner | 500 | 100 |
| 2/19/19 | 0.2 | Review Defendant's certificate of interested persons | Lechner | 500 | 100 |
| 2/19/19 | 0.2 | Review Defendant's notice of compliance | Lechner | 500 | 100 |
| 2/19/19 | 0.3 | Review Defendant's motion to conduct "narrow" discover | Lechner | 500 | 150 |
| 2/19/19 | 1.7 | Review and analyze payroll and time records served by defendants | Lechner | 500 | 850 |
| 2/20/19 | 0.2 | Correspondence to and from K. Zwetsch re document production from plaintiffs | Lechner | 500 | 100 |
| 2/20/19 | 0.3 | Review plaintiffs' document production | Lechner | 500 | 150 |
| 2/21/19 | 0.1 | Review order directing response | Lechner | 500 | 50 |
| 2/22/19 | 0.2 | Correspondence to and from K. Zwetsch re document production from plaintiffs | Lechner | 500 | |
| 2/22/19 | 0.1 | Correspondence from M. Wade re document production from plaintiffs | Lechner | 500 | 50 |
| 2/26/19 | 2.6 | Legal research re previous FLSA overtime class actions against Defendant and relation to instant case | Lechner | 500 | 1,300 |
| 2/27/19 | 1.3 | Prepare answers to court interrogatories - Arvilla | Lechner | 500 | 650 |

| 2/27/19 | 1.3 | Prepare answers to court interrogatories - Hammons | Lechner | 500 | 650 |
|---|---|---|---|---|---|
| 2/27/19 | 1.3 | Prepare answers to court interrogatories - Brooks | Lechner | 500 | 650 |
| 2/27/19 | 1.3 | Prepare answers to court interrogatories - Souza | Lechner | 500 | 650 |
| 2/27/19 | 1.3 | Prepare answers to court interrogatories - Thom | Lechner | 500 | 650 |
| 2/28/19 | 1.3 | Prepare answers to court interrogatories - Ryan | Lechner | 500 | 650 |
| 2/28/19 | 1.3 | Prepare answers to court interrogatories - Gordon | Lechner | 500 | 650 |
| 2/28/19 | 1.3 | Prepare answers to court interrogatories - Grippo | Lechner | 500 | 650 |
| 3/1/19 | 0.2 | Telephone conference with W. Gordon re factual investigation | Lechner | 500 | 100 |
| 3/1/19 | 2.3 | Prepare memorandum in opposition to motion to conduct "narrow" discovery | Lechner | 500 | 1,150 |
| 3/7/19 | 0.1 | Review notice of compliance filed by Defendant | Lechner | 500 | 50 |
| 3/7/19 | 0.9 | Review Gordon payroll and time records | Lechner | 500 | 450 |
| 3/11/19 | 0.2 | Correspondence from and to M. Wade re extension to serve Grippo and Hammons records | Lechner | 500 | 100 |
| 3/11/19 | 0.2 | Review defendant's motion for extension | Lechner | 500 | 100 |
| 3/11/19 | 0.1 | Review order granting motion for extension | Lechner | 500 | 50 |
| 3/18/19 | 0.2 | Correspondence from and to K. Zwetsch re mediation statements | Lechner | 500 | 100 |
| 3/19/19 | 0.2 | Confer with staff re coordinating appearance of plaintiffs at mediation | Sheslow | 500 | 100 |
| 3/19/19 | 0.3 | Correspondence to and from K. Zwetsch re plaintiffs appearing telephonically | Lechner | 500 | 150 |
| 3/19/19 | 0.3 | Correspondence to and from K. Zwetsch re motion for leave to allow plaintiffs to appear telephonically | Lechner | 500 | 50 |
| 3/19/19 | 0.6 | Correspondence (multiple) to and from K. Zwetsch re conferring with management to ensure availability of plaintiffs for mediation | Lechner | 500 | 300 |
| 3/20/19 | 0.2 | Correspondence to and from K. Zwetsch re pre-mediation demand | Lechner | 500 | 100 |
| 3/20/19 | 0.7 | Confer with J. Lechner re pre-mediation demand | Sheslow | 500 | 350 |
| 3/20/19 | 0.2 | Correspondence to and from K. Zwetsch re extension to respond to motion for conditional certification | Lechner | 500 | 100 |
| 3/20/19 | 0.2 | Confer with N. White re concerns about defendant's counsel contacting current employees | Lechner | 500 | 100 |

| 3/20/19 | 0.2 | Correspondence to and from K. Zwetsch re extension for Grippo verified summary | Lechner | 500 | 100 |
|---------|-----|---|---|-----|------|
| 3/20/19 | 0.2 | Review defendant's motion for extension to respond to motion for conditional certification | Lechner | 500 | 100 |
| 3/20/19 | 0.2 | Review defendant's motion for extension to file verified summary | Lechner | 500 | 100 |
| 3/20/19 | 1.4 | Review and analyze defendant's verified summary for all plaintiffs except Grippo | Lechner | 500 | 700 |
| 3/21/19 | 0.1 | Review order extending verified summary deadline | Lechner | 500 | 50 |
| 3/21/19 | 0.1 | Review order extending conditional certification deadline | Lechner | 500 | 50 |
| 3/21/19 | 0.3 | Confer with W. Sheslow re mediation | Lechner | 500 | 150 |
| 3/21/19 | 2.8 | Prepare mediation statement | Lechner | 500 | 1,400 |
| 3/22/19 | 4.4 | Telephone conferences with clients to prepare for mediation | Sheslow | 500 | 2,200 |
| 3/22/19 | 0.2 | Confer with N. White re contacting clients for settlement estimates | Lechner | 500 | 100 |
| 3/22/19 | 0.2 | Correspondence to and from K. Zwetsch re additional extension for Grippo records | Lechner | 500 | 100 |
| 3/22/19 | 0.2 | Review Grippo verified summary | Lechner | 500 | 100 |
| 3/22/19 | 0.6 | Review Grippo payroll and time records produced by defendant | Lechner | 500 | 300 |
| 3/24/19 | 0.5 | Finalize mediation statement and send to M. Hanley | Lechner | 500 | 250 |
| 3/24/19 | 4.4 | Prepare for mediation | Sheslow | 500 | 2,200 |
| 3/25/19 | 7.3 | Attend mediation; travel to and from same | Sheslow | 500 | 3,650 |
| 3/25/19 | 1.0 | Prepare post-mediation legal memorandum for M. Hanley | Sheslow | 500 | 500 |
| 3/26/19 | 0.5 | Confer with W. Sheslow re mediation results | Lechner | 500 | 250 |
| 3/26/19 | 0.2 | Correspondence to and from K. Zwetsch re additional document production | Lechner | 500 | 100 |
| 3/26/19 | 1.0 | Correspondence (multiple) to and from K. Zwetsch re joint statement of legal and fact issues and case management report | Lechner | 500 | 500 |
| 3/26/19 | 0.7 | Prepare notice to court re legal and fact issues | Lechner | 500 | 350 |
| 3/26/19 | 1.3 | Prepare case management report | Lechner | 500 | 650 |
| 3/27/19 | 0.8 | Correspondence (multiple) to and from K. Zwetsch post-mediation issues | Lechner | 500 | 400 |
| 3/27/19 | 0.5 | Correspondence (multiple) to and from M. Hanley and K. Zwetsch re impasse | Lechner | 500 | 250 |
| 3/27/19 | 0.2 | Review order denying "narrow" discovery | Lechner | 500 | 100 |
| 3/27/19 | 0.7 | Correspondence (multiple) to and from J. Robinson re settlement negotiations | Lechner | 500 | 350 |
| 3/27/19 | 0.4 | Confer with W. Sheslow re settlement negotiations | Lechner | 500 | 200 |
| 3/27/19 | 0.7 | Telephone conference with J. Robinson re settlement negotiations | Lechner | 500 | 350 |

| 3/27/19 | 0.2 | Memorandum to file re call with J. Robinson | Lechner | 500 | 100 |
|---------|-----|---------|---------|-----|-----|
| 3/27/19 | 0.2 | Confer with N. White re coordinating calls with all clients | Lechner | 500 | 100 |
| 3/28/19 | 0.7 | Telephone conference regarding settlement negotiations with client - Gordon | Lechner | 500 | 350 |
| 3/28/19 | 0.7 | Telephone conference regarding settlement negotiations with client - Hammons | Lechner | 500 | 350 |
| 3/28/19 | 0.8 | Telephone conference regarding settlement negotiations with client - Arvilla | Lechner | 500 | 400 |
| 3/28/19 | 0.6 | Telephone conference regarding settlement negotiations with client - Souza | Lechner | 500 | 300 |
| 3/28/19 | 0.6 | Telephone conference regarding settlement negotiations with client - Brooks | Lechner | 500 | 300 |
| 3/28/19 | 0.5 | Telephone conference regarding settlement negotiations with client - Grippo | Lechner | 500 | 250 |
| 3/28/19 | 0.6 | Telephone conference regarding settlement negotiations with client - Ryan | Lechner | 500 | 300 |
| 3/28/19 | 0.7 | Telephone conference regarding settlement negotiations with client - Thom | Lechner | 500 | 350 |
| 3/28/19 | 0.4 | Correspondence (multiple) to and from J. Robinson re settlement | Lechner | 500 | 200 |
| 3/28/19 | 0.2 | Review and revise notice of settlement | Lechner | 500 | 100 |
| 3/28/19 | 0.2 | Correspondence to and from K. Zwetsch re notice of settlement | Lechner | 500 | 100 |
| 3/28/19 | 0.1 | Review order requiring approval of settlement | Lechner | 500 | 50 |
| 4/2/19 | 0.2 | Confer with N. White re coordinating calls with clients | Sheslow | 500 | 100 |
| 4/4/19 | 0.6 | Telephone conference regarding settlement with client - Arvilla | Sheslow | 500 | 300 |
| 4/4/19 | 0.4 | Telephone conference regarding settlement with client - Hammons | Sheslow | 500 | 200 |
| 4/4/19 | 0.5 | Telephone conference regarding settlement with client - Souza | Sheslow | 500 | 250 |
| 4/4/19 | 0.5 | Telephone conference regarding settlement with client - Brooks | Sheslow | 500 | 250 |
| 4/4/19 | 0.5 | Telephone conference regarding settlement with client - Grippo | Sheslow | 500 | 250 |
| 4/4/19 | 0.4 | Telephone conference regarding settlement with client - Ryan | Sheslow | 500 | 200 |
| 4/4/19 | 0.4 | Telephone conference regarding settlement with client - Thom | Sheslow | 500 | 200 |
| 4/4/19 | 0.5 | Confer with W. Sheslow re settlement approval | Lechner | 500 | 250 |
| 4/9/19 | 0.3 | Correspondence to and from J. Robinson re deadline to file motion for approval | Lechner | 500 | 150 |
| 4/10/19 | 0.4 | Correspondence to and from J. Robinson re motion for approval | Lechner | 500 | 200 |

| 4/10/19 | 0.2 | Correspondence to and from K. Elliott re motion to extend deadline to file motion for approval | Lechner | 500 | 100 |
|---------|-----|------|---------|-----|-----|
| 4/10/19 | 0.2 | Review joint motion for extension | Lechner | 500 | 100 |
| 4/10/19 | 0.1 | Review order granting extension | Lechner | 500 | 50 |
| 4/17/19 | 0.2 | Correspondence from and to K. Elliott re settlement and motion to approve | Lechner | 500 | 100 |
| 4/17/19 | 0.7 | Review and revise settlement agreement | Lechner | 500 | 350 |
| 4/18/19 | 0.1 | Correspondence to K. Elliott re settlement agreement | Lechner | 500 | 50 |
| 4/18/19 | 0.3 | Correspondence from and to K. Zwetsch re settlement agreement | Lechner | 500 | 150 |
| 4/18/19 | 4.4 | Prepare motion to approve and supporting documentation | Lechner | 500 | 2,200 |
| **TOTAL** | | | | | **$46,950.00** |

38221921.4

21