UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETH ARVILLA, PATRICK RYAN,
CHRISTINE THOM, THOMAS BROOKS,
and THOMAS LEE SOUZA,

      Plaintiffs,
v.                                Case No. 8:18-cv-3129-T-33AAS

THE FRESH MARKET, INC.,

      Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. # 57), which was filed on April 26, 2019. The Court grants the Motion.

**I.   Background**

Plaintiffs filed this Fair Labor Standards Act case on August 23, 2018, and filed an Amended Complaint, containing a single count for the recovery of FLSA overtime compensation, on January 9, 2019. (Doc. ## 1, 10). On January 22, 2019, the Court issued its FLSA Scheduling Order, which also referred the case to a mediation with Mark Hanley, Esq. (Doc. # 14). Plaintiffs filed a Motion for Conditional Certification and for an Order Permitting Court Supervised Notice to Employees of their Opt-In Rights (Doc. # 19) on February 8, 2019. Defendant filed its Answer and Affirmative Defenses on February 18, 2019, enumerating seventeen affirmative defenses.

(Doc. # 23).

The Amended Complaint includes five individually named Plaintiffs and three other Fresh Market employees, Wendell Gordon, Michael Grippo, and Donald Hammons, later opted into the action. All eight individuals filed Answers to the Court's Interrogatories on March 4, 2019. (Doc. ## 32-39). The Plaintiffs each provided somewhat sketchy answers to the Court's Interrogatories. For example, Thomas Lee Souza explained that he was paid an hourly wage of $18.33, and that he "worked overtime in December for the holidays." (Doc. # 34 at 2). Souza estimated that he worked somewhere between five to fifteen overtime hours per week. (Id.) He answered "unsure" when asked to calculate the difference between "pay received versus pay claimed" and also answered "unsure" when asked to state the total amount he claimed from Defendant in unpaid wages. (Id.). Like Souza, all of the other Plaintiffs answered "unsure" when asked to state the amount of their claim.

Defendant filed a Verified Summary on March 22, 2019, detailing the overtime payments that it made to the relevant employees. (Doc. # 49). Shortly thereafter, and prior to the resolution of the Motion for Conditional Certification, the parties notified the Court that the case settled at mediation. (Doc. # 51). At the Court's direction, the parties have

filed a Motion for Court approval of their settlement. (Doc. # 57).

## II. Analysis

Plaintiffs allege that Defendant violated the overtime provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiffs will receive a total of $70,000.00, with each of the eight individual Plaintiffs receiving the gross amount of $8,750.00 for unpaid wages. Plaintiffs have agreed not to seek the payment of liquidated damages. It has also been agreed that Plaintiffs' counsel will receive $43,000.00 for attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiffs for alleged FLSA violations. Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate

represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion to Approve FLSA Settlement and Dismiss Action With Prejudice (Doc. # 57) is **GRANTED**.

(2) The parties' settlement is approved.  This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of April, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.